UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PHYLLIS PRICER,<br><br>              Plaintiff,<br><br>              v.<br><br>DEUTSCHE BANK, *et al.*,<br><br>              Defendants. | Civil Action No. 11-331 (BAH)<br>Judge Beryl A. Howell |

**MEMORANDUM OPINION**

Before the Court are motions to dismiss filed by defendants American Home Mortgage Servicing, Inc. ("AHMSI") and Network Funding, LP ("Network Funding"). ECF Nos. 6, 10. Plaintiff Phyllis Pricer filed a Complaint against these two defendants, as well as defendant Bill Lindes,[1] alleging fraud and violations of the Home Ownership and Equity Protection Act ("HOEPA") and the Truth in Lending Act ("TILA"). 15 U.S.C. § 1601, *et seq*. The defendants assert that the plaintiff's claims must be dismissed because her Complaint was filed outside the applicable statutes of limitations. The Court agrees. Accordingly, the defendants' motions to dismiss are granted and the Complaint is dismissed.

**I.      BACKGROUND**

Plaintiff Phyllis Pricer is a resident of the District of Columbia. Compl. ¶ 3. She alleges that on May 5, 2006, defendant Bill Lindes, a mortgage broker employed by defendant Network Funding, completed a Uniform Residential Loan Application for her to receive a "Cash-Out/Debt Consolidation" loan for $420,750. *Id*. ¶¶ 4-5, 7; *id.*, Ex. 1. Shortly thereafter, on May 30, 2006,

---

[1] Defendant Bill Lindes was apparently served on June 5, 2011, but has not appeared in this case. *See* Certificate of Service, ECF No. 13, June 8, 2011. The Clerk entered default against Mr. Lindes on October 20, 2011. ECF No. 16.

1

the plaintiff secured a loan from defendant Deutsche Bank – which the plaintiff alleges was then doing business as AHMSI – using as collateral real property located at 35 Michigan Avenue, N.E., Washington, D.C. 20002 ("collateral property"). *Id*. ¶ 8. After she obtained the loan, the plaintiff alleges that she "made monthly payments to the Defendant creditors." *Id*. ¶ 10.

Between 2008 and 2009, the plaintiff twice filed for bankruptcy in the U.S. Bankruptcy Court for the District of Columbia. *In re Phyllis Pricer*, No. 08-487 (Bankr. D.D.C. 2008); *In re Phyllis Pricer*, No. 09-00452 (Bankr. D.D.C. 2009). In connection with her 2009 bankruptcy proceeding, defendant Deutsche Bank sought relief from the automatic stay imposed after the filing of the plaintiff's bankruptcy petition in order to foreclose on the collateral property because the plaintiff had failed to make any loan payments after June 1, 2008 and was therefore in default. *In re Phyllis Pricer*, No. 09-00452 (Bankr. D.D.C. 2009), ECF No. 12, Motion from Relief for Automatic Stay. In response, the plaintiff moved to convert her bankruptcy petition from a proceeding under Chapter 7, liquidation, to Chapter 13, reorganization, declaring that she "expected an increase in earnings to support mortgage and plan payments under Chapter 13," and that the collateral property was necessary for "effective reorganization" as it was the principle place of her business as a psychic. *Id.* at ECF No. 28, Decl. Phyllis A. Pricer dated July 6, 2009. The Bankruptcy Court granted the plaintiff's motion on July 17, 2009, but then dismissed the case with prejudice on September 25, 2009. *Id*. at ECF Nos. 29, 47.

Five days after the Bankruptcy Court dismissed the plaintiff's petition, on October 1, 2009, defendant AHMSI offered to refinance the plaintiff's loan. Compl. ¶ 9. At that time, the plaintiff "owed $53,227.99 in delinquent interest payments, $1,091.07 in delinquent taxes and unpaid insurance, and $330.25 in late charges." Def. AHMSI's Mot. Dismiss, ECF No. 6, at 3; Compl., Ex. 2. Defendant AHMSI's loan refinance offer contained new terms, including a new

balance, interest rate, monthly payment, and non-payment penalty clause.  *See* Compl., Ex. 2.  The plaintiff, however, did not accept.

On or about November 16, 2009, the plaintiff alleges that the defendants "increased the monthly payments from $2,861.40 to $3,086.45."  Compl. ¶ 11.  This act, according to the plaintiff, was "without the Plaintiff's authorization" and pursuant to a "fraudulently and illegally obtained" signature.  *Id.* ¶ 12.

On February 8, 2011, the plaintiff filed a Complaint in this Court against defendants Deutsche Bank, which "was formerly [AHMSI]"; mortgage brokerage Network Funding; and mortgage broker Bill Lindes,[2] alleging:  (1) In Count I, that the terms of her loan violated HOEPA and TILA; (2) in Count II, that failure to disclose information pertaining to her loan violated HOEPA, 25 U.S.C. § 1637(a); and (3) in Count III, that defendants Network Funding and Bill Lindes forged her signature on her loan application and "several documents related to the financing of the [collateral property]."  Compl. ¶¶ 13-23.   For these illegal acts, the plaintiff seeks $1,000,000 in compensatory damages, $1,000,000 in punitive damages, nullification of her loan, and attorney's fees and costs.

On March 30, 2011, defendant AHMSI moved to dismiss this case, arguing, *inter alia*, that the plaintiff's claims are barred by the applicable statutes of limitations.[3]  On April 21, 2011, defendant Network Funding also filed a motion to dismiss this case on these grounds, among others.  These two motions are pending before the Court.

---

[2] Defendant AHMSI asserts that the "[p]laintiff fails to differentiate between her original lender, Option One; the servicer for her Loan, AHMSI; and the trustee for her Loan's securitized trust, Deutsche Bank, despite these differences being well-known to Plaintiff through her multiple bankruptcies."  Def. AHMSI Mot. Dismiss, ECF No. 6, at 5.

[3] The defendants also argue, as alternative grounds for dismissal, that (1) the plaintiff failed to plead her claims pursuant to Fed. R. Civ. P. 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief"; (2) judicial estoppel associated with the plaintiff's averments before the Bankruptcy Court; and (3) the plaintiff has failed to demonstrate that the contract at issue is subject to HOEPA and TILA.  The Court need not reach these arguments since their pending motions to dismiss are resolved on statutes of limitations grounds.

For the reasons stated below, the Court agrees that the plaintiff's claims are time-barred. Accordingly, the plaintiff's Complaint is dismissed.

## II. STANDARD OF REVIEW

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face" and to "nudge[ ] [his or her] claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); Fed. R. Civ. P. 12(b)(6). "[A] complaint [does not] suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (internal quotation marks omitted) (citing *Twombly*, 550 U.S. at 557). Instead, the complaint must plead facts that are more than "merely consistent with" a defendant's liability; "the plaintiff [must plead] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949, 1940; *Rudder v. Williams*, No. 10-cv-7101, 2012 WL 119589, at *2 (D.C. Cir. Jan. 17, 2012). The Court must "assume all the allegations in the complaint are true (even if doubtful in fact) . . . [and] must give the plaintiff the benefit of all reasonable inferences derived from the facts alleged." *Aktieselskabet AF 21. November 2001 v. Fame Jeans Inc.*, 525 F.3d 8, 17 (D.C. Cir. 2008) (internal quotations and citations omitted).

An affirmative defense that claims are barred by the statute of limitations may be asserted in a Rule 12(b)(6) motion "when the facts that give rise to the defense are clear from the face of the complaint." *Smith–Haynie v. District of Columbia*, 155 F.3d 575, 578 (D.C. Cir. 1998). The face of the complaint must conclusively indicate that the complaint is time-barred. *Id.* at 578-79; *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1115 (D.C .Cir. 1985); *Performance Contracting, Inc. v. Rapid Response Constr., Inc.*, 267 F.R.D. 422, 425 (D.D.C. 2010); *Lewis v. Bayh*, 577 F. Supp. 2d 47, 51 (D.D.C. 2008).

### III.   DISCUSSION

The plaintiff asserts three counts in her Complaint.  Count I alleges that the terms of her loan violated HOEPA and TILA.  Count II alleges that the defendants failed to disclose information relating to her loan as required by HOEPA.  Count III alleges that the defendants committed fraud when defendant "Network [Funding] and their agent, Bill Lindes, forged [the plaintiff's] signature on several documents related to the financing" of her home, including the May 5, 2006 loan application.  Compl. ¶¶ 13-23.  The defendants argue that the plaintiff's claims arising under HOEPA and TILA in Counts I and II are barred by TILA's one-year statute of limitations, and that the plaintiff's fraud claim in Count III is barred by the applicable three-year statute of limitations.  The Court agrees.

### A.   Counts I and II Asserting Claims Under HOEPA and TILA are Time-Barred

Count I of the plaintiff's Complaint alleges "seven violations" of HOEPA and TILA in the terms of her loan, including an understated annual percentage rate (APR), an APR that exceeded the statutory threshold, and excessive points and fees associated with the loan.  Compl. ¶ 18.  Count II claims that the defendants failed to disclose information regarding her loan in violation of HOEPA 15 U.S.C. § 1637(a).

HOEPA was enacted in 1994 as an amendment to TILA, and imposes additional disclosure requirements for loans bearing rates or fees above a certain percentage or amount. Section 1640 of TILA addresses when a creditor may be held civilly liable for TILA disclosure violations, including those under HOEPA, and the types of damages available for such violations.  15 U.S.C. § 1640.

The defendants have moved to dismiss Counts I and II as barred by TILA's statute of limitations, 15 U.S.C. § 1640(e).[4]  The plaintiff does not dispute that these claims are governed by 15 U.S.C. § 1640(e), which imposes a one-year limitations period for alleged HOEPA and TILA violations.  The plaintiff argues, however, that her claims are not barred by the statute of limitations because "the occurrence of the violation is on-going" and she "is still being assessed Principal, interest and late fees on a month to month basis."  Pl.'s Opp'n AHMSI's Mot. Dismiss, ECF No. 7, ¶ 22.  This argument has no merit.

As numerous courts have recognized,  "[i]n closed-end consumer credit transactions, such as the one in this case, the TILA's limitations period begins to run on the date of settlement." *Findlay v. CitiMortgage, Inc.,* No. 10-cv-2091, 2011 WL 4442478, at *4 (D.D.C. Sept. 26, 2011) (quoting *Johnson v. Long Beach Mortg. Loan Trust, 2001-4*, 451 F. Supp. 2d 16, 39 (D.D.C. 2006)); *see also Postow v. OBA Fed. Sav. & Loan Assoc.*, 627 F.2d 1370, 1380 (D.C. Cir. 1980);  *Winstead v. EMC Mortgage Co.*, 621 F. Supp. 2d 1, 4 (D.D.C. 2009) ("A violation of TILA occurs no later than the date of the settlement of the loan."); *Johnson*, 451 F. Supp. 2d at 39 ("In closed-end consumer credit transactions . . . the limitations period begins to run on the date of the settlement.").  Even though the plaintiff claims that the violations are on-going, she was aware, or should have been aware, of the defendants' alleged violations when she settled the loan on May 30, 2006.  The plaintiff filed her Complaint, however, on February 8, 2011, well beyond the one-year statute of limitations.  The plaintiff further argues that she did not become aware of the alleged violations until she received the results of a forensic audit on August 13,

---

[4] Defendant AHMSI disputes whether the plaintiff has sufficiently alleged facts that the contract at issue is subject to HOEPA, but for purposes of this motion, the Court assumes that she has.  Def. AHMSI Mot. Dismiss, ECF No. 6.

2009 of a possible HOEPA claim.[5]  Pl.'s Opp'n AHMSI's Mot. Dismiss, ECF No. 7, ¶ 19.

Even if the Court were to toll the applicable limitations period until this date, however, her TILA

and HOEPA claim would still fall outside the one-year limitations period.  Consequently, Counts

I and II asserting claims under HOEPA and TILA are time-barred and must be dismissed.

### B. Count III Asserting Fraud is Time-Barred

Count III of the plaintiff's Complaint alleges that the defendants are liable for fraud

because "Mr. Lindes forged [the plaintiff's] signature on the Loan Application" and that

"fraudulent act continued through the Loan process, including the refinance in October 2009."

Pl.'s Opp'n Network Funding's Mot. Dismiss, ECF No. 12, at 2.  The defendants have moved to

dismiss this claim, asserting, *inter alia,* that the plaintiff's common-law fraud claim is barred by

the applicable three-year statute of limitations.  The defendants are correct that this claim is time-

barred.

Under District of Columbia law, when a statute of limitations period is not expressly

enumerated for a particular claim, such as fraud, the applicable statute of limitations is three

years.  D.C. CODE § 12-301(8) ("Limitation of time for bringing action . . . (8) for which

limitation is not otherwise specifically prescribed—3 years"); *LoPiccolo v. American Univ.*, No.

11-cv-834, 2012 WL 19389, at *6 (D.D.C. Jan. 5, 2012) (applying three year statute of

limitations period to fraud claim); *Newland v. Aurora Loan Services, LLC*, No. 10-cv-1352, 2011

WL 3664302, at *4 (D.D.C. Aug. 22, 2011) (same); *Hu v. George Washington Univ.*, 766 F.

Supp. 2d 236, 241 (D.D.C. 2011) (same).  This period begins to run "from the time the right to

maintain the action accrues." D.C. CODE § 12–301.

---

[5] The plaintiff does not allege this fact in her Complaint, but rather asserts it for the first time in her opposition to defendant AHMSI's motion to dismiss.

The District of Columbia applies the "discovery rule" to determine when a tort cause of action accrues. *Hu*, 766 F. Supp. 2d at 241. This rule provides that an action accrues when a plaintiff knew or should have known through the exercise of reasonable diligence of: "(1) the existence of the injury, (2) its cause in fact, and (3) some evidence of wrongdoing." *Bradley v. Nat'l Ass'n of Sec. Dealers Dispute Resolution, Inc.*, 433 F.3d 846, 849 (D.C. Cir. 2005) (citing *Bussineau v. President and Dirs. of Georgetown College*, 518 A.2d 423, 435 (D.C. 1986)); *Jung v. Mundy*, *Holt & Mance, P.C.*, 372 F.3d 429, 433 (D.C. Cir. 2004); *Hu*, 766 F. Supp. 2d at 241.

Under the discovery rule, "a plaintiff does not have 'carte blanche to defer legal action indefinitely if she knows or should know that she may have suffered injury and that the defendant may have caused her harm.'" *Hu*, 766 F. Supp. 2d at 244 (quoting *Hendel v. World Plan Exec. Council*, 705 A.2d 656, 661 (D.C. 1997)). Rather, a plaintiff's cause of action accrues when the plaintiff is on "inquiry notice" of wrongdoing, which begins when "the plaintiff has reason to suspect that the defendant did some wrong, even if the full extent of the wrongdoing is not yet known." *Bradley*, 433 F.3d at 849 (quoting *Wagner v. Sellinger*, 847 A.2d 1151, 1154 (D.C. 2004)); *see also Hancock v. Homeq Servicing Corp.*, No. 05–cv–0307, 2007 WL 1238746, at *5 (D.D.C. Apr. 27, 2007) ("It is not necessary . . . that a party have notice of its specific legal claims: 'the focus of the rule is on when the plaintiff gained general knowledge that she had been injured, not on when she learned of the precise legal remedies for the injury,'" quoting *In re Estate of Delaney*, 819 A.2d 968, 982 (D.C. 2003)). The determination of "[w]hat constitutes the accrual of a cause of action is a question of law," but "[w]hen accrual actually occurred in a particular case is a question of fact." *Hughes v. Abell*, No. 09–cv–0220, 2010 WL 4630227, at *9 (D.D.C. Nov. 16, 2010) (citing *Diamond v. Davis*, 680 A.2d 364, 370 (D.C.

8

1996)). The court therefore "must engage in a fact-specific inquiry to evaluate a party's 'reasonable diligence' in pursuing evidence of wrongdoing." *Id.*

In the instant case, the plaintiff was required to assert her claim of fraud "within three years of when [she knew] or through the exercise of due diligence should have known the fraud occurred." *Hu*, 766 F. Supp. 2d at 241. The plaintiff alleges that "[d]efendants Network [Funding] and their agent, Bill Lindes," committed fraud when they "forged the [p]laintiff's . . . signature on several documents related to the financing of the [collateral property] including but not limited to the Uniform Loan Application." Compl. ¶ 23. It is undisputed that the loan application was completed on May 5, 2006, and based on this application the plaintiff secured a loan on May 30, 2006. *Id*. ¶¶ 7-8. The plaintiff was thus fully aware, or should have been aware, of the forged signature on the loan application when she received the loan that resulted from the application, which occurred on May 30, 2006. Pursuant to the three-year statute of limitations period, the plaintiff's time to assert her claim expired on May 30, 2009. The plaintiff, however, filed her Complaint nearly two years after the statute of limitations period had expired, on February 8, 2011. Accordingly, Count III of the plaintiff's Complaint alleging fraud must be dismissed as time-barred.

**C. The Plaintiff's Claims against Defendant Bill Lindes are Dismissed *Sua Sponte***

As explained above, all three counts in the plaintiff's Complaint are barred by the applicable statutes of limitations. Defendants AHMSI and Network Funding's motions to dismiss are therefore granted and those defendants are dismissed. Defendant Bill Lindes, however, has yet to appear in this case. In this Circuit, however, "[c]omplaints may . . . be dismissed . . . sua sponte . . . under Rule 12(b)(6) whenever the plaintiff cannot possibly win relief." *Best v. Kelly*, 39 F.3d 328, 331 (D.C. Cir. 1994) (internal quotations omitted); *see also*

*Klute v. Shinseki*, 797 F. Supp. 2d 12, 17 (D.D.C. 2011) (citing *Best* in dismissing, *sua sponte*, the plaintiff's Americans with Disabilities Act ("ADA") claims against the federal government because the ADA does not consider the federal government an employer); *Moore v. Motz*, 437 F. Supp. 2d 88, 94 (D.D.C. 2006) (citing *Best* in dismissing, *sua sponte*, the plaintiff's claim against government officials for failure to fulfill campaign promises, as such a cause of action does not exist). Since the plaintiff's claims in this case are time-barred, the plaintiff "cannot possibly win relief" against any of the defendants. *See Best*, 39 F.3d at 331. The plaintiff's claims against defendant Bill Lindes are therefore dismissed *sua sponte*.

## IV.    CONCLUSION

For the reasons stated above, the motions to dismiss filed by defendants AHMSI and Network Funding are granted. Additionally, defendant Bill Lindes is dismissed *sua sponte* because all of the plaintiff's claims are barred by the applicable statutes of limitations. An Order consistent with this Opinion shall be entered.

**DATE: FEBRUARY 5, 2012**

/s/ *Beryl A. Howell*
BERYL A. HOWELL
United States District Judge